## DANIEL PLACE *vs.* ANNIE BRIGGS.

### PROVIDENCE—MAY 24, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

An agreement with a mortgagor to purchase the mortgaged property at a foreclosure sale thereof, and to hold it for him as his agent, is sufficient to constitute a trust.

If such property be afterwards sold for other property, by agreement of the parties, the trust will attach to the property so acquired.

The mortgagor, however, is not entitled to a conveyance of the property to himself until he has made the trustee whole and caused her estate to be discharged from all liability on account of the transaction.

BILL IN EQUITY to establish a trust and for a conveyance. Heard on pleadings and proofs.

PER CURIAM. The court finds from the testimony that the property of the complainant, Daniel Place, was sold at a mortgagee's sale and purchased by Sarah Briggs, his sister, for the amount of the mortgage and expenses, under an agreement between them that she would hold it for him and as his agent. According to the decision in *Jenckes* v. *Cook*, 9 R. I. 520, this is sufficient to constitute a trust. The property bought at that sale has been sold, by the agreement of the complainant and Sarah Briggs, for other property to which the trust now attaches. The purchase money, over

and above the face of the mortgage, was advanced by a third party on the note of Sarah Briggs, endorsed by the complainant. Sarah Briggs having died, the bill is brought against the respondents as her heirs. Under the rule laid down in *Jenckes* v. *Cook*, the complainant is not entitled to a conveyance until he has carried out his part of the agreement to make the said Sarah Briggs whole, or to exonerate her from any liability which should incur. So far as appears, the note is still outstanding against her estate. Consequently the complainant will be required to discharge all liability against her estate before he is entitled to a decree.

*Robert W. Burbank*, for complainant.
*Henry J. Dubois*, for respondent.